IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JIGGS DEAN COMPTON**                                                    PETITIONER

v.                          NO. 4:25-cv-00009-JM-PSH

**DEXTER PAYNE**[1]                                                      RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

---

[1] Petitioner Jiggs Dean Compton joined the State of Arkansas as the respondent in this case. Compton, though, is in the custody of Dexter Payne ("Payne"), the Director of the Arkansas Division of Correction. Payne is the correct respondent in this case, and the Clerk of the Court shall therefore enter Payne's name as the respondent.

## DISPOSITION

Petitioner Jiggs Dean Compton ("Compton") began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He accompanied his petition with a motion for leave to proceed in forma pauperis. The undersigned reviewed the motion, found that he has the means to pay the five-dollar filing fee, and denied the motion. See Docket Entry 3. Compton was then given up to, and including, February 10, 2025, to pay the filing fee. He was warned that in the event he failed to pay the filing fee by the close of business on February 10, 2025, the undersigned would recommend that this case be dismissed without prejudice.

February 10, 2025, came and went without Compton paying the filing fee or otherwise demonstrating that he had attempted, or was attempting, to pay the filing fee. On March 4, 2025, the undersigned recommended that this case be dismissed without prejudice because of his failure to comply with Local Rule 5.5(c)(2) and for failing to response to the earlier court order. See Docket Entry 4.[2]

---

[2] Local Rule 5.5(c)(2) provides, in part, that if "any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice."

2

Compton objected to the recommendation, primarily because he failed to receive the order directing him to pay the filing fee. On March 13, 2025, United States District Judge James M. Moody, Jr., rejected the recommendation and gave Compton up to, and including April 14, 2025, to pay the filing fee. See Docket Entry 6. Judge Moody warned Compton that in the event he failed to pay the filing fee by April 14, 2025, this case would be dismissed without prejudice.

April 14, 2025, has now come and gone without Compton paying the filing fee or otherwise demonstrating that he attempted, or was attempting, to pay the filing fee.[3] There is also nothing to suggest that Compton did not receive Judge Moody's order establishing the April 14, 2025, deadline. Given Judge Moody's order and Compton's failure to pay the filing fee by April 14, 2025, the undersigned recommends that this case be dismissed without prejudice. Judgment should be entered for respondent Dexter Payne.

DATED this 1st day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The record does reflect, though, that Compton filed an amended petition for writ of habeas corpus on March 17, 2025. See Docket Entry 7.