**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**


**JIGGS DEAN COMPTON**                                              **PETITIONER**


**v.**                          **NO. 4:25-cv-00009-JM-PSH**


**DEXTER PAYNE**                                                   **RESPONDENT**


FINDINGS AND RECOMMENDATION


INSTRUCTIONS


The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Introduction. In this case, filed pursuant to 28 U.S.C. 2254, petitioner Jiggs Dean Compton ("Compton") challenges his Newton County Circuit Court conviction for the sexual assault of an eleven-year-old girl. It is recommended that this case be dismissed. The claims raised in his petition for writ of habeas corpus are procedurally barred from federal court review because they were either not raised in the state courts of Arkansas or not fairly presented to the state courts.

State Court Proceedings. The record in this case reflects that in April of 2022, Compton was convicted of sexual assault in the second degree and sentenced to twenty years' imprisonment. "His sentence was enhanced by ten years for committing the offense in the presence of a child, and the sentences were to be served consecutively." See Compton v. State, 2023 Ark. App. 587, 682 S.W.3d 348, 351 (2023).

Compton appealed his conviction. On appeal, he alleged that the trial court committed reversible error in several respects. First, he alleged that the trial court erred when it failed to quash the jury pool because of a violation of an Arkansas statute. The Arkansas Court of Appeals summarized the claim as follows:

2

> ... [Compton] noted before jury selection began that Arkansas Code Annotated section 16-33-101(c)(1) (Supp. 2019) required a prospective juror's address and telephone number to be redacted from juror questionnaires before being provided to the attorneys for the parties, and this information had not been redacted as required; therefore, he argued, the entire jury pool had to be dismissed. ...

See Id., 682 S.W.3d at 355. Second, Compton alleged that the trial court erred when it admitted the following evidence: (a) hearsay testimony from the victim and her mother contained in a video interview of Compton conducted by a police officer; (b) a statement by the victim's mother that a friend, who did not testify at trial, told the mother he would beat up Compton after learning of the sexual assault; and (c) the victim being asked a leading question, specifically, "[a]nd [Compton] said he was going to put his head where?" See Id., 682 S.W.3d at 356. Last, Compton alleged that the trial court erred when it failed to grant his motion for directed verdict. This claim was built on the following three assertions: (a) the prosecution failed to prove he acted with the purpose of obtaining sexual gratification; (b) there was insufficient evidence he is the person who committed the offense; and (c) the sentence enhancement was inapplicable because the victim's brothers were asleep and suffered no trauma. The state Court of Appeals found no reversible error and affirmed Compton's conviction.

Compton had sixty days from the date the state appellate court issued its mandate to file a petition for state post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). See Arkansas Rule of Criminal Procedure 37.2(c)(ii). He did not take advantage of the opportunity and never sought state post-conviction relief.

This Case. In January of 2025, Compton began this case by filing a petition in which he challenged his conviction. Compton amended the petition twice, and respondent Dexter Payne ("Payne") summarized Compton's claims from the second amendment as follows:

> 1. Compton was denied the effective assistance of trial and direct appeal counsel because neither counsel challenged the veracity of the probable cause affidavit for the warrant of arrest.
>
> 2. Compton was denied a fair trial because the prosecutor:
>
>> a. asked the victim a leading question—"And [Compton] said he was going to put his head where?"—on direct examination; and
>>
>> b. in closing argument, at the sentencing phase of trial, called [Compton] a predator and compared him to the shark in the movie Jaws.
>
> 3. Compton was denied a fair trial because the trial court erred by denying his motion to quash the jury panel.

4

> 4. Compton was denied the effective assistance of trial and direct appeal counsel because neither counsel challenged the credibility of the victim's trial testimony using her inconsistent pretrial statement.

See Docket Entry 34 at CM/ECF 8. As a part of the second amendment, Compton represented that to the extent he did not raise the claims at bar in state court, his failure to do so should be excused because he has a learning disability, can neither read nor write, has no understanding of the law, and was misled and taken advantage of by jailhouse lawyers.

Payne thereafter filed a response to the petition. In the response, Payne maintained that the petition should be dismissed because Compton's claims are inexcusably procedurally barred from federal court review.

Before giving serious consideration to Payne's assertion, the undersigned gave Compton an opportunity to file a reply. Compton took advantage of the opportunity. In a reply, he raised the following additional claim: the felony information was amended late, and he was "re-arraigned" without being present in court. Compton also offered cause for his alleged failure to properly raise all of the claims at bar in state court. His cause was as follows: first, he received constitutionally inadequate representation, and second, he is actually innocent, and a fundamental miscarriage of justice will occur if his claims are not considered.

Procedural Bar. A federal court cannot consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. See Shinn v. Ramirez, 596 U.S. 366 (2022). A claim not so presented may nevertheless be considered in one of two instances. First, it can be considered if the petitioner can show cause for his procedural default and resulting prejudice. See Burford v. Payne, No. 4:20-cv-00398-KGB-JJV, 2020 WL 8299805 (E.D. Ark. July 15, 2020), report and recommendation adopted, No. 4:20-cv-00398-KGB, 2021 WL 280880 (E.D. Ark. Jan. 27, 2021).  Second, the claim can be considered if the petitioner can show that the failure to consider the claim will result in a fundamental miscarriage of justice, that is, a constitutional violation has resulted in the conviction of one who is actually innocent. See Id.

Claim One. Compton's first claim is that he was denied the effective assistance of trial and direct appeal counsel. Compton so maintains because neither attorney challenged the veracity of a probable cause affidavit used to support a warrant for his arrest.

In Arkansas, a challenge to counsel's representation can only be raised in a Rule 37 petition. See Weaver v. Kelley, No. 1:17-cv-00001-BRW-PSH, 2018 WL 771351 (E.D. Ark. Jan. 17, 2018), report and recommendation adopted, No. 1:17-cv-00001-BRW, 2018 WL 770176 (E.D. Ark. Feb. 7, 2018).

Here, Compton never filed a Rule 37 petition, and the time for doing so has now passed. He therefore failed to present Claim One to the state courts, and the only question is whether his procedural default of the claim can now be excused.

Compton maintains that his procedural default should be excused for several reasons. They are as follows: he has a learning disability, he can neither read nor write, he has no understanding of the law, he was misled and taken advantage of by jailhouse lawyers, and he received constitutionally inadequate representation. Additionally, he maintains that he is actually innocent, and a fundamental miscarriage of justice will occur if claim one is not considered. Compton's assertions of cause, though, are unavailing for the reasons that follow.

First, the undersigned has no idea if Compton has a learning disability and whether he is illiterate, as he has offered nothing to substantiate his assertions. What is clear, though, is that his pleadings to date have been passable, sufficient to give Payne and the undersigned an adequate understanding of why Compton asks that his conviction be set aside. Without something more than Compton's boldface assertion, his alleged learning disability and/or illiteracy cannot serve as cause for the procedural default of his first claim.

Second, the undersigned recognizes that Compton likely has no understanding of the law and might have been misled or taken advantage of by jailhouse lawyers. Those facts, though, do not excuse his procedural default. "[A] petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default." See Boyd v. Kelley, No. 5:17-cv-00325-DPM-JTK, 2019 WL 2866499, 5 (E.D. Ark. May 6, 2019), report and recommendation adopted, No. 5:17-cv-00325-DPM, 2019 WL 2864750 (E.D. Ark. July 2, 2019). Moreover, Compton, and not the State of Arkansas, bears the burden of any fall-out from relying upon unscrupulous jailhouse lawyers.

Third, before ineffective assistance of counsel can be used to establish cause for a procedural default, it must first be presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017). Here, Compton never presented ineffective assistance of counsel to the state courts as an independent Sixth Amendment claim, and he cannot now use ineffective assistance of counsel to establish cause for the procedural default of his first claim.

Fourth, notwithstanding the foregoing, <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), provides a means for excusing a procedural default when there is no counsel in an initial-review collateral proceeding. In that case, the United States Supreme Court held that ineffective assistance of post-conviction counsel may excuse the default of a substantial claim of ineffective assistance of counsel at trial. The <u>Martinez</u> exception, though, is of no benefit to Compton in this instance.

"Federal district courts in Arkansas have consistently held that a habeas petitioner … must, at a minimum, initiate a 'state collateral review proceeding' by filing a Rule 37 petition with the state trial court before he can rely on <u>Martinez</u> to excuse his procedural default." <u>See</u> <u>Lane v. Kelley</u>, 2017 WL 5473925, 4. Compton did not initiate a state collateral review proceeding by filing a Rule 37 petition and cannot now rely upon <u>Martinez</u>.

Last, a showing of actual innocence can excuse a procedural default. The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). Compton has failed to make the requisite showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime[s] for which he was convicted." <u>See</u> <u>Abdi v. Hatch</u>, 450 F.3d 334, 338 (2006).

9

Accordingly, the undersigned finds that Compton failed to give the state courts of Arkansas an opportunity to address Claim One. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claim is not considered. The claim is therefore procedurally barred from federal court review.

Claim Two. Compton's second claim is that he was denied a fair trial and offers two reasons why. First, the prosecutor asked the victim a leading question on direct examination. Second, at the sentencing phase of the trial during closing argument, the prosecutor called Compton a predator and compared him to the shark in the movie Jaws. The two reasons are in somewhat different postures, so they will be considered separately.

(A) The Leading Question. The record reflects that on direct examination, the prosecutor asked the victim, "And [Compton] said he was going to put his head where?" See Compton v. State, 682 S.W.3d at 356. The appellate court found that the following occurred thereafter:

> ... Counsel objected to the State's asking leading questions, stating that there had been no prior question about where Compton put his head. The prosecutor stated that he would rephrase the question, and the circuit court instructed the jury to disregard the last question since the prosecutor was going to rephrase the question, which he did; [the victim] then testified that Compton asked her if he could lay his head on her stomach. ...

10

See Id. 682 S.W.3d at 356. On appeal, Compton challenged the trial court's ruling as a violation of state law. See Docket Entry 34, Exhibit F at CM/ECF 22-23. The appellate court rejected the challenge, finding that he received the relief he requested when the prosecutor rephrased the question.

A claim is procedurally defaulted if it is not first fairly presented in the state courts. See Cox v. Burger, 398 F.3d 1025 (8th Cir. 2005). To be "fairly presented," the petitioner must "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." See Id. at 1031 [internal quotation marks omitted].

In raising Claim 2(A) in the state courts, Compton did not refer to a specific federal constitutional right, a particular constitutional provision, or a federal constitutional case, and the state law he relied upon did not raise a pertinent federal constitutional issue. He instead based his challenge solely on state law grounds.[1] Because his challenge was based solely on state law grounds, he did not fairly present the claim. The only question is whether he can show cause for his procedural default.

---

[1]   "Federal habeas corpus relief does not lie for errors of state law," ... and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (internal quotations marks omitted). See also Evenstad v. Carlson, 470 F.3d 777 (8th Cir. 2006).

As noted above, Compton makes several assertions of cause and maintains that a fundamental miscarriage of justice will occur if Claim 2(A) is not considered. The undersigned will not repeat those assertions nor reproduce the reasons why they are unavailing. It is sufficient to simply find that they do not excuse the procedural default of Claim 2(A). The claim is therefore procedurally barred from federal court review.

(B) The Predator Remark. The record reflects that during the penalty phase of Compton's trial, the prosecutor made a closing argument in which he compared Compton to the shark in the movie Jaws.[2] Compton's attorney did not object to the argument, and Compton was sentenced to an enhanced term of imprisonment. The issue was not raised on appeal, and Compton could not have raised the issue in a Rule 37 petition, had he filed one. He waited until he arrived in federal court to raise the claim. Thus, he failed to present Claim 2(B) to the state courts, and the only question is whether his procedural default of the claim can now be excused.

---

[2]     Specifically, the prosecutor argued the following:

... So I don't know if you all have seen the movie Jaws. But in the movie Jaws, you don't see the shark till the very end. You see the fin. You hear the music. He's under the water. That's what this trial was. You didn't really know Jiggs, you saw snippets of who he was. But now this is the part of the trial, the end of the Jaws movie, when you see the full shark. You see the predator that Mr. Compton is and what he's done.

See Docket Entry 34, Exhibit E at CM/ECF 326.

12

As noted above, Compton makes several assertions of cause and maintains that a fundamental miscarriage of justice will occur if Claim 2(B) is not considered. The undersigned will not repeat those assertions nor reproduce the reasons why they are unavailing. It is sufficient to simply find that they do not excuse the procedural default of Claim 2(B). The claim is therefore procedurally barred from federal court review.

Claim Three. Compton's third claim is that he was denied a fair trial when the trial court denied his motion to quash the jury panel. It is his contention that the panel should have been quashed because of a violation of Arkansas Code Annotated 16-33-101(c)(1)(A)(ii), which required "a prospective juror's address and telephone number … be redacted from [a] juror['s] questionnaire[] before being provided to the attorneys for the parties …" See Compton v. State, 682 S.W.3d at 355.

The record reveals that Compton objected to the jury panel because the jurors' personal information had not been redacted as required by Arkansas law. See Docket Entry 34, Exhibit E at CM/ECF 10. Although the trial court conceded that the information had not been redacted, the court overruled the objection. On appeal, Compton challenged the trial court's ruling as a violation of state law. See Docket Entry 34, Exhibit F at CM/ECF 16-19. The appellate court rejected the challenge, finding the following:

> A circuit court's denial of a motion to quash a jury panel will be reversed only when there is a manifest abuse of discretion. <u>Henderson v. State</u>, 2019 Ark. App. 220, 575 S.W.3d 617. Irregularities affecting the selection of the jury panel warrant a new trial only if a timely objection was made prior to the verdict and resulting prejudice is shown. <u>Gwathney v. State,</u> 2009 Ark. 544, 381 S.W.3d 744. An appellant is in no position to assert that he was prejudiced by such irregularities unless he has exhausted his peremptory challenges. <u>Id</u>. Compton cannot show that the circuit court's denial of his motion to quash was an abuse of discretion; not only did he not exhaust his peremptory challenges, he fails to show how having prospective jurors' addresses and telephone numbers prejudiced him in any way.

<u>See</u> <u>Compton v. State</u>, 682 S.W.3d at 355.

In raising Claim Three in the state courts, Compton did not refer to a specific federal constitutional right, a particular constitutional provision, or a federal constitutional case, and the state law he relied upon did not raise a pertinent federal constitutional issue. He instead based his challenge solely on state law grounds. Because his challenge was based solely on state law grounds, he did not fairly present the claim. The only question is whether he can show cause for his procedural default. As the undersigned found above, though, his assertions of cause and a fundamental miscarriage of justice are not sufficient to excuse the procedural default of Claim Three. The claim is therefore procedurally barred from federal court review.

Claim Four. Compton's last claim is that he was denied the effective assistance of trial and direct appeal counsel. He so maintains because neither counsel challenged the credibility of the victim's trial testimony using her inconsistent pretrial statement.

Here, Compton never filed a Rule 37 petition, the only means by which he could have raised an ineffective assistance claim in state court. He therefore failed to present Claim Four to the state courts, and the only question is whether his procedural default of the claim can now be excused.

As noted above, Compton makes several assertions of cause and maintains that a fundamental miscarriage of justice will occur if Claim Four is not considered. The undersigned will not repeat those assertions nor reproduce the reasons why they are unavailing. It is enough to simply find that they do not excuse the procedural default of Claim Four. The claim is procedurally barred from federal court review.

The Additional Claim. In Compton's reply, he raised an Additional Claim. He alleged that the felony information was amended late, and he was "re-arraigned" without being present in court.[3]

---

[3]   Payne never had an opportunity to respond to the claim as it was first raised in Compton's reply. Out of an abundance of caution, the undersigned will briefly consider the claim.

Compton did not raise the Additional Claim on appeal and could not have raised the claim in a Rule 37 petition, had he filed one. Thus, he failed to present the Additional Claim to the state courts. He has offered no satisfactory cause for his procedural default of the claim, and a fundamental miscarriage of justice will not occur if the claim is not considered. The claim is procedurally barred from federal court review.[4]

Recommendation. In short, Compton's claims are procedurally barred from federal court review because they were either not raised in state court or not fairly presented to the state courts. It is recommended then that his petition be dismissed, all requested relief be denied, and judgment be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Compton cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 12th day of February, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] A federal court may raise procedural bar sua sponte, see King v. Kemna, 266 F.3d 816 (8th Cir. 2001), which the undersigned does with respect to the Additional Claim.